UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**PARK OVERLOOK, LLC,** *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 16-11354 (SCC)<br><br>Jointly Administered |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
VERNON CONSULTING INC. *NUNC PRO TUNC* TO JUNE 9, 2016
AS ACCOUNTANTS AND FINANCIAL ADVISORS**

Upon the application (the "Application") [Docket No. 19] of the above-captioned debtors and debtors in possession (the "Debtors"), for entry of an order, pursuant to Bankruptcy Code section 327(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of Vernon Consulting, Inc. ("VCI"), effective as of June 9, 2016, as the Debtors' financial advisors and accountants; and the Court having reviewed the Application and the Patt Declaration in support thereof; and the Court being satisfied with the representations made in the Application and the Patt Declaration that VCI does not hold or represent any interest adverse to the Debtors or their estates, that it is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), and that its employment is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and upon the record of the hearing before this Court on August 11, 2016; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Application is GRANTED to the extent set forth herein; and it is

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each debtor's Federal Employer Identification Number are as follows: Park Overlook, LLC (5874); and Dawn Hotel of NY LLC (1371).

further

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain VCI as their financial advisors and accountants, effective as of June 9, 2016, upon the terms and for the purposes set forth in the Application and the Engagement Agreement and to perform the professional services set forth in the Application and the Engagement Agreement; and it is further

**ORDERED**, that the Debtors are hereby authorized to compensate VCI in accordance with the terms of the Engagement Letter; and it further

**ORDERED**, that no compensation or reimbursement of expenses shall be paid by the Debtors for services rendered by VCI except upon proper application and by further order of this Court pursuant to 11 U.S.C. §§ 330 and 331, and the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, and any Standing Order of the Court; and it is further

**ORDERED**, that VCI shall be required to maintain time records with a description of the services provided on behalf of the Debtors, the approximate time expended in providing those services and the individuals who provided professional services on behalf of the Debtors; and it is further

**ORDERED**, that the indemnification provisions set forth in the Engagement Letter are approved, and the Debtors are authorized to indemnify VCI in accordance with the terms of the Engagement Letter. In no event however, shall VCI be indemnified if it is determined by a court of competent jurisdiction in a final judgment not subject to appeal that such indemnification claim arose out of VCI's willful misconduct, bad faith or gross negligence; and it is further

**ORDERED**, that notwithstanding any Bankruptcy Rule to the contrary, this Order

2

shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: August 17, 2016

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE