Adrienne Woods, Esq.
The Law Offices of Adrienne Woods, P.C.
459 Columbus Avenue, # 314
New York, New York 10024
Telephone: (212) 634-4459
Facsimile: (212) 634-4462
*adrienne@woodslawpc.com*

*Counsel for the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **PARK OVERLOOK, LLC** | Case No. 16-11354 (SCC) |
| Debtors. | JOINTLY ADMINISTERED |

**SETTLEMENT AGREEMENT AND ORDER**

This SETTLEMENT AGREEMENT AND ORDER (the "Agreement"), effective this 29th day of August, 2016 ("Effective Date"), is made by and between Park Overlook, LLC ("Park") and Park Overlook, Inc. (the "Landlord").

WHEREAS, Park currently occupies that certain property located at 1938 Webster Avenue, Bronx, New York (the "Premises"), of which Premises it previously took possession pursuant to a lease dated December 1, 2009 (the "Lease"); and

WHEREAS, the Lease expired by its own terms on December 31, 2014; and

WHEREAS, in December 2015, the Landlord and Park entered into an occupancy agreement (the "Occupancy Agreement") pursuant to which Park was permitted to occupy the Premises on a month to month basis under certain terms and conditions; and

WHEREAS, on February 9, 2016, the Landlord commenced a nonpayment proceeding in the Civil Court of the City of New York, Bronx County ("L/T Court") styled *Park Overlook, Inc. v. Park*

*Overlook, LLC*, Index No. L&T 9390/2016 (the "Nonpayment Action") alleging Park's breach of the Occupancy Agreement; and

WHEREAS, on May 12, 2016 (the "Petition Date"), Park filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code §§ 101 *et seq*. (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Court"); and

WHEREAS, on June 22, 2016, the Landlord filed a motion seeking relief from the automatic stay to continue the prosecution of the Nonpayment Action (the "RFS Motion"); and

WHEREAS, the Landlord alleges that Park owes approximately $577,150.80 for pre-petition rent and arrears under the Occupancy Agreement, and $76,607.68[1] for post-petition rent through August 31, 2016; and

WHEREAS, Park consented to relief from the automatic stay at the hearing before this Court on August 11, 2016 and the Court granted the RFS Motion; and

WHEREAS, the Nonpayment Action is still pending and in order to recover possession of the Premises from Park, the Landlord will need to continue to prosecute the Nonpayment Action; and

WHEREAS, the Premises contains certain assets of Park consisting of furnishings and fixtures purchased and used by Park in the operation of its business (the "Assets"); and

WHEREAS, the Landlord wishes to recover possession of the Premises as soon as possible and avoid the costs and risks associated with the continued prosecution of the Nonpayment Action; and

WHEREAS, the Parties hereto wish to avoid the expense and uncertainty of litigation, and to settle all disputes between them; and

WHEREAS, in the interest of settlement, the Landlord and Park have negotiated this Agreement in good faith and at arms' length;

---

[1] This amount differs from that stated in the RFS Motion due to certain payments made by Park after the Petition Date which the Landlord recently has accepted.

NOW, THEREFORE, in consideration of the foregoing and the covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Landlord and Park hereby agree as follows:

1.01 Recitals. The above recitals are hereby deemed incorporated herein as though fully set forth here again at length.

1.02 Amount Owed. Park acknowledges and agrees it owes a total of $622,220.68 to the Landlord for pre-petition obligations under the Occupancy Agreement (the "Pre-petition Claim"), and a total of $76,607.68 to the Landlord for post-petition obligations under the Occupancy Agreement through August 31, 2016 (the "Past Due Amount").

1.03 Settlement Terms.

(a) Payment. In an effort to resolve the dispute among the parties, the Landlord agrees to reduce the Past Due Amount by one-half to $38,303.84 (the "Settlement Amount"). In furtherance of the effort of the parties to resolve the dispute, Park hereby agrees to pay the Settlement Amount in full within no later than thirty (30) days from this Agreement being "so ordered" by the Bankruptcy Court.

(b) Abandonment of Premises. Park will vacate the Premises on or before midnight on August 31, 2016 with time being of the essence. Additionally, the automatic stay of 11 U.S.C. § 362 is modified to permit the Landlord, if necessary and pursuant to the terms of this Agreement, to continue the Nonpayment Action and to take any further action to obtain possession of the Premises.

(c) Abandonment of Assets. Park will abandon to the Landlord all the Assets which Park might otherwise be entitled to remove.

1.04 Bankruptcy Court Approval. This Agreement is subject to the approval of the Bankruptcy Court. Should the Bankruptcy Court decline to approve this Agreement, this Agreement shall be of no further force and effect and, without further order of the Bankruptcy Court, the automatic stay shall be lifted to permit the Landlord to continue the prosecution of the Nonpayment Action.

1.05 Defaults. If Park fails to pay the Settlement Amount in accordance with this Agreement and/or fails to abandon the Assets to the Landlord as provided in section 1.03(c), or if Park fails to perform or observe any other term, covenant, or agreement contained in this Agreement, then after five (5) days' written notice of the default to Park and to the Notice Parties (defined below), during which time Park may cure the default: (i) the Landlord shall be entitled to an administrative claim in the amount of all unpaid post-petition rent, including the full amount of the Past Due Amount; and (ii) the Pre-petition Claim shall be deemed allowed in full.

1.06 Form and Place of Payment. Payment under this Agreement shall be made by Certified Check payable to Park Overlook, Inc., and delivered via Federal Express or

other overnight courier to Gerard R. Luckman, Esq., at the address listed below with copies to the following "Notice Parties":

>Adrienne Woods, Esq.
>The Law Offices of Adrienne Woods, P.C.
>459 Columbus Avenue, #314
>New York, New York 10024
>
>-and-
>
>Gerard R. Luckman, Esq.
>Silverman Acampora LLP
>100 Jericho Quadrangle, Suite 300
>Jericho, New York 11753

1.07 <u>Release</u>.

(a) Upon Park's performing all of its obligations under this Agreement and the receipt and clearance of the Settlement Amount, Landlord, for itself and its affiliates, successors, and assigns, releases Park and its affiliates, successors and assigns and all personnel, employees, contractors and professionals acting by, through, under, or in conceit with any of them from all claims, debts, lawsuits, charges, complaints, controversies, demands, expenses, attorney's fees, costs, actual, consequential, or punitive damages, causes of action, agreements, obligations, and liabilities of any kind whatsoever, now or in the future, at law or in equity, arising from, related to, or connected in any manner with the Lease and/or the Premises on or before the date of this Agreement.

(b) Park, for itself and its affiliates, successors, and assigns, releases Landlord and its affiliates, successors and assigns and all personnel, employees, contractors and professionals acting by, through, under, or in concert with any of them from all claims, debts, lawsuits, charges, complaints, controversies, demands, expenses, attorney's fees, costs, actual, consequential, or punitive damages, causes of action, agreements, obligations, and liabilities of any kind whatsoever, now or in the future, at law or in equity, arising from, related to, or connected in any manner with the Lease and/or the Premises on or before the date of this Agreement.

1.08 <u>No Claim</u>.  If Park performs all of its obligations under this Agreement and the Settlement Amount is received and clears the Landlord's account, then the Landlord shall not file any proofs of claim in the bankruptcy case of Park or its affiliated debtor, Dawn Hotel of NY, LLC, in connection with the subject matter of this Agreement, and any such claim shall be deemed immediately expunged without any further Order of the Bankruptcy Court.

1.09 <u>Binding Nature.</u>  This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their legal representatives, predecessors, successors and assigns, including any trustees, plan trustees, administrators and any committees appointed in this case.

1.10 <u>No Admission.</u>  It is expressly understood and agreed that the terms hereof, including the recital paragraphs and headings, are contractual and that the agreement contained herein and the consideration contemplated hereby is to compromise disputed claims and avoid litigation, and that no statement made herein, payment, or release or other consideration given shall be construed as an admission by any of the parties hereto of any kind or nature.

1.11 <u>Entire Agreement</u>.  This Agreement constitutes the entire Agreement by and between Park and the Landlord with respect to the subject matter of this Agreement, and supersedes all prior agreements, understandings, and negotiations, both written and oral, by and between Park and the Landlord with respect to the subject matter of this Agreement.

1.12 <u>Authority to Sign</u>.  Each party and signatory to this Agreement represents and warrants to each other party hereto that such party or signatory has full power, authority and legal right and has obtained all approvals and consents necessary, to execute, deliver and perform all actions required under this Agreement.

1.13 <u>Governing Law</u>.  This Agreement shall be governed by, and construed in all respects in accordance with, the laws of the state of New York, without regard to the conflicts of law rules of any state.  Park and the Landlord each consent to the continued jurisdiction of the Bankruptcy Court for the Southern District of New York to resolve any disputes regarding interpretation or enforcement of this Agreement.

1.14 <u>Modification</u>.  No alteration or modification of any of the provisions of this Agreement shall be valid unless made in writing and signed by all parties hereto.

1.15 <u>Counterparts / Signatures</u>.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original.  It shall not be necessary in making proof of this Agreement or the terms hereof to produce or account for more than one such counterpart.  Facsimile signatures and signatures received by electronic transmission shall be binding.

[Signature Page Follows]

**In Witness Whereof**, the parties have duly executed this Agreement as of the date first written above.

| **PARK OVERLOOK, LLC** | **PARK OVERLOOK, INC.** |
|---|---|
| By: */s/ Gordon Duggins* | By:   *Neil Tepper* |
| Name: Gordon Duggins | Name: Neil Tepper |
| Title: Managing Member | Title: Principal of Park Overlook, Inc. |
| Date: August 29, 2016 | Date: August 29, 2016 |

| The Law Offices of Adrienne Woods, P.C. | SILVERMANACAMPORA LLP |
|---|---|
| Counsel for the Debtors and Debtors-in-Possession | Counsel to Park Overlook, Inc., the Landlord |
| By    */s/ Adrienne Woods* | By:    /s/ *Gerry Luckman* |
|         Adrienne Woods, Esq. |         Gerard R. Luckman, Esq. |
| 459 Columbus Avenue,# 314 | Member of the Firm |
| New York, New York 10024 | 100 Jericho Quadrangle, Suite 300 |
| Telephone: (212) 634-4459 | Telephone: (516) 479-6300 |
| Facsimile: (212) 634-4462 | gluckman@sallp.com |
| adrienne@woodslm11pc.com | |

SO ORDERED BY THE COURT THIS
9th DAY OF September, 2016

/S/ Shelley C. Chapman
Honorable Shelley C. Chapman
United States Bankruptcy Judge